THE FIDELITY & CASUALTY COMPANY OF NEW YORK *v.* TEDDIE LEE ROBERTS.

(*Knoxville,* September Term (May Session) 1954.)

Opinion filed June 10, 1955.

SIMMONDS, BOWMAN & HERNDON, of Johnson City, for plaintiff in error.

THOMAS E. MITCHELL, of Johnson City, for defendant in error.

Mr. Justice Prewitt delivered the opinion of the Court.

This is a Workmen's Compensation case in which the Chancellor entered his decree in favor of the complainant, holding that he was 75% permanently, partially disabled, and it is from this decree that defendant appealed.

The record discloses that Roberts, the complainant, was employed by the Harris Manufacturing Company, and while handling lumber sustained an accidental injury arising out of and in the course of his employment.

The company paid him compensation for seven or eight weeks. He was operated on for a stomach condition on May 4th and returned to work June 29, 1953. The complainant worked until August 14, 1953, at which time the incision of the first operation pulled loose.

It is the contention of Roberts that a board struck him in the vicinity of the incision causing it to pull loose. It is not disputed that the incision was responsible for a rupture. The complainant received medical aid and was sewed up with stainless steel wire. The proof shows that complainant has not been able to work since March 29, 1954.

It is the insistence of the complainant that he could not work and perform manual labor because these wires are a source of constant irritation to him.

Doctor Budd testified that the wire could cause constant irritation. The evidence shows that complainant is a man of quite limited education and his only means of earning a living is through manual labor.

The record shows that when the complainant returned to work he was unable to perform the task of handling heavy lumber.

It is well settled that under the Workmen's Compensation Laws an employee may recover for a new injury or an aggravation of his injury resulting from medical or surgical treatment of a compensable injury.

There is abundant evidence in the record to sustain the finding of the Chancellor.

We find no error in the decree below and it is affirmed.