RAYMOND C. FERGUSON, Appellee,

*v.*

TENNESSEE-CAROLINA TRANSPORTATION Co., INC.:
Liberty Mutual Insurance Company, et al.,
Appellants.

428 S.W.2d 783.

(*Knoxville,* September Term, 1967.)

Opinion filed March 18, 1968.

BISHOP, THOMAS, LEITNER, MANN & MILBURN, Chattanooga, for Tennessee-Carolina Transportation Co., Inc., and Liberty Mutual Insurance Co.

GEORGE F. McCANLESS, Attorney General, THOMAS E. Fox, Deputy Attorney General, and C. HAYES COONEY, Assistant Attorney General, Nashville, for James Alexander, Treasurer of the State of Tennessee.

ROBERT D. LAWSON, Chattanooga, for appellee.

MR. JUSTICE DYER delivered the opinion of the Court.

This is a suit under our Workmen's Compensation statutes by the employee, Raymond C. Ferguson, against the employer, Tennessee-Carolina Transportation Company, Inc., and its insurance carrier, Liberty Mutual Insurance Company, and James Alexander, Treasurer

of the State of Tennessee, as Trustee of the Second Injury Fund. The chancellor awarded employee permanent total disability benefits allocable ten per cent against the Second Injury Fund and ninety per cent against the employer and its insurance carrier. All defendants have appealed.

Employee, male, age 58, worked for this employer for the past twelve years, with the last day of his employment being May 18, 1966. On May 6, 1959, employee received a compensable injury to his right leg, requiring surgery on the right knee. On this injury a settlement was made based on fifteen per cent permanent partial disability to the right leg and employee returned to work. On May 18, 1966, employee received an injury to his left leg, ankle and foot, arising out of and in the course of his employment. Employee in his petition alleges as a result of both injuries he is now totally and permanently disabled.

Under this record there is no dispute employee is now totally and permanently disabled. The serious issue here is whether there is evidence in the record having probative value that these injuries caused or contributed to the employee's present total disability. The issue at this point is causation, not the extent of disability. Further, under the record it is apparent the total disability suffered by employee is a result of "degenerative disease of the spinal cord." The question narrows down to whether the trauma received by the employee on May 18, 1966, caused or contributed to this "degenerative disease of the spinal cord" now causing the present total disability.

This first presents the question of whether lay evidence is of probative value on the issue of causal relation between the trauma and the resulting disability due to the spinal disease, or does such require evidence presented by those qualifying as experts in the field of medicine. In the *Magnavox Company of Tenn. v. Shepherd*, 214 Tenn. 321, 379 S.W.2d 791 (1964), this Court said:

> While it is true that lay testimony, including that of the claimant, is of probative value in establishing such simple matters as the existence of pain, its location, petitioner's inability to work, etc., there are areas in which lay testimony is obviously incompetent. 214 Tenn. at 323, 379 S.W.2d at 792.

In *American Enka Corp. v. Sutton*, 216 Tenn. 228, 391 S.W.2d 643 (1965), the injury was the loss of sight in one eye diagnosed as resulting from optic neuritis. Employee alleged acid burns in the area of the eye received in an industrial accident at or about the time of the loss of the sight caused or contributed to the loss of sight. We held, in effect, the causal relation between the industrial accident and the resulting injury posed a complicated medical question carrying the finder of fact into a realm properly and peculiarly in the province of a medical expert and lay testimony on the issue would be of no probative value.

We think in the case at bar the question of whether trauma to the leg caused or contributed to a degenerative disease of the spinal cord carries the finder of fact into a realm properly and peculiarly within the province of medical expert and lay testimony on this issue would be of no probative value.

The medical evidence in this record is by the testimony of Dr. George Shelton, an orthopedic surgeon, and Dr. Walter Boehm, a neurosurgeon. It is admitted these doctors are experts in their field and we do not find any conflict in their testimony on the issue here. We do not deem it necessary to detail the testimony of these doctors. Suffice to say, they were as emphatic as our language permits in saying the trauma received by the employee in no way caused or contributed to the degenerative disease of the spinal cord.

It is true as the chancellor noted, these two doctors testified they did not know what caused this disease of the spine suffered by employee. This is saying the medical profession at this time has no knowledge of the cause of this disease but this does not weaken their positive testimony that the medical profession at this time has knowledge trauma does not cause or contribute to this disease.

The chancellor in his memorandum opinion stated that he did not construe the cases cited above as having overruled previous law; that is the function of the court rather than medical doctors to decide all issues of fact in a workmen's compensation case. This is correct construction of these cases but the facts found by the court will have to be found upon evidence having probative value.

It results and we so hold the only evidence in the record having probative value is against the award made by the chancellor. The judgment is reversed and the cause as to defendant, James Alexander, Treasurer of the State of Tennessee, as Trustee of the Second Injury

Fund, is dismissed. It is apparent from this record the employee has some disability from the accident of May 18, 1966, and the cause is remanded for such determination consistent with this opinion.

BURNETT, CHIEF JUSTICE, and CHATTIN, CRESON and HUMPHREYS, JUSTICES, concur.