**EMPLOYERS INSURANCE OF WAUSAU and Ivers and Pond Piano Co., Appellants,**

v.

**Lillie E. CARTER, Appellee.**

Supreme Court of Tennessee.

March 31, 1975.

James F. Russell, Nelson, Norvell, Wilson, McRae, Ivy & Sevier, Fred E. Ivy, Jr., Memphis, for appellants.

Louis P. Chiozza, Jr., Memphis, for appellee.

## OPINION

BROCK, Justice.

This is an action under the workmen's compensation act brought by the employer and its insurance carrier against the employee to determine the rights of the parties respecting a claim by the employee for workmen's compensation benefits.

It is undisputed that the employee suffered an injury by accident arising out of and in the course of her employment with the employer. The trial court found the disputed issues in favor of the employee and awarded to her benefits for temporary total disability for a period of six weeks and one day and medical expenses in the sum of $1,500.62.

Appellants contend that the trial court erred in allowing the employee to recover certain medical expenses alleged to have been "incurred by her outside the scope of T.C.A. § 50–1004." The argument is that there is no liability because appellants did not authorize the appellee-employee to seek the services of Dr. H. B. Blumenfeld, Dr. D. E. Snyder, Dr. John D. Huffman, Dr. R. A. Utterback, the Duckworth Pathology Group, and Methodist Hospital. Liability for the sum of $57.43 spent for drugs and medicine is also denied upon the same theory.

When appellee reported her injury and requested medical care, the employer sent her for treatment to the "company doctor," Dr. Horton G. DuBard. Appellee was suffering much pain and both her arms were swollen due to tendinitis and muscle sprain in each arm. Appellee's experience as a patient of Dr. DuBard was very unsatisfactory to her. Thus, the trial court found:

"It does appear that Dr. DuBard did not regard defendant's complaint as of any great consequence, having spent only about five minutes with her, according to his testimony. It further appears that it was only under the more extensive treatment administered by the other specialists that she obtained relief and was able to return to work."

We concur in that finding. Dr. DuBard prescribed a muscle relaxant which caused appellee to suffer nausea. Being dissatisfied with Dr. DuBard, appellee reported her dissatisfaction to her superintendent, Mr. Brasher, and requested that the employer refer her to another physician of its choice. Her request was refused, and she then sought the services of her family physician, Dr. Leon Bourland, who, in turn, referred her to Dr. Snyder, a neurosurgeon. Appellee testified as follows:

"Q. But you told them you needed further medical help?

"A. That's right, I did.

"Q. Why were you seeking another doctor, Mrs. Carter? You had just been to Dr. DuBard.

"A. Well, because Dr. DuBard didn't examine me, and he didn't help me any, and the medicine he give me made me nauseated."

We are of the opinion that there is adequate evidence to support the finding of the trial court that the appellants are liable for the medical expenses in issue. T.C.A. § 50–1004 provides:

". . . the employer . . . shall furnish free of charge to the employee such medical and surgical treatment, medicine, . . . and hospitalization, . . . as may be reasonably required. . . . The injured employee shall accept the medical benefits afforded hereunder; provided, that the employer shall designate a group of three (3) or more reputable physicians or surgeons . . . from which the injured employee shall have the privilege of selecting the operating surgeon or the attending physician; . . . ."

This statute authorizes the employer to choose a panel of three physicians, but the employee is given the privilege to make the final choice of the attending physician from the panel of three. The employer did not furnish the employee with a panel of three or more physicians from which she could choose one. We need not attempt to decide whether in every conceivable instance the failure of the employer to furnish the panel of three physicians to the employee will operate to render the employer liable for expenses of physicians chosen by the employee, but certainly an employer who thus fails to follow the statute runs that risk. Referring the employee to a single physician does not comply with the statute; it is an usurpation of the privilege of the employee to choose the ultimate treating physician. See: Holston Valley Community Hospital v. Dykes, 205 Tenn. 336, 326 S.W.2d 486 (1959). An employer who would claim the benefits of the statute should, himself, be required to comply with it. Likewise, the employee must comply with this statute if he is to be entitled to receive its benefits. The trial court has found that the employee did comply; and we concur. She reported to the employer and requested proper medical care. She even submitted to treatment by the company physician although she was given no choice of three physicians from which to choose. This company physician proved unsatisfactory, as found by the trial court from adequate evidence. She again consulted the employer and requested further medical care which was obviously necessary, but she was refused. Considering all of the circumstances, we hold that, thereafter, she was justified in seeking medical care of her own choosing for which the non-complying employer is liable. See: Atlas Powder Co. v. Grimes, 200 Tenn. 206, 292 S.W.2d 13 (1956); Atlas Powder Co. v. Grant, 200 Tenn. 617, 293 S.W.2d 180 (1956).

■ The decree of the trial court awarding the sum of $168.50 as a reimbursement for payments made to Dr. H. B. Blumenfeld should be reduced to the sum of $93.50 because $75.00 of the awarded amount was paid to the doctor for his services in rendering a medical report and in giving a deposition. The statute does not burden the employer with liability for such expenses. American Casualty Ins. Co. v. White, 207 Tenn. 294, 339 S.W.2d 15 (1960).

■ The trial court did not err in permitting, over the objections of appellants, Dr. Snyder to testify regarding the necessity for treatment by Dr. Utterback, Dr. Huffman, the Duckworth Pathology Group, and Methodist Hospital and regarding the reasonableness of their charges. As a physician who was familiar with the extent and nature of the treatment rendered to the appellee by said physicians and hospital, Dr. Snyder was a competent witness to testify regarding the necessity for such treatment and the reasonableness of the charges made therefor. See: Wheeler v. Crain, 62 Tenn.App. 126, 459 S.W.2d 618 (1970). Such testimony does not violate the hearsay evidence rule.

■ The final insistence of the appellants is that the trial court erred in deciding the case without allowing counsel for

appellants the opportunity of presenting oral argument at the conclusion of all the proof. The conclusion which we draw from the record is that the trial judge, at the conclusion of the introduction of evidence, proposed to take the case under advisement, read certain depositions and then notify counsel of a time at which they could present oral arguments. Apparently the trial judge forgot to notify counsel of a time for hearing arguments and proceeded to decide the case without argument. The record does not show that counsel called this oversight to the attention of the trial judge; therefore, we conclude that the right to make oral argument was waived. Rules of the Supreme Court of Tennessee, Rule 14(4); Moran Towing and Transportation Company v. Conners-Standard Marine Corporation, 285 F.2d 368, 86 A.L.R.2d 1227 (2d Cir. 1961); Boucher v. Roberts, 187 Kan. 675, 359 P.2d 830 (1961).

The decree of the trial court will be modified by reducing the amount awarded for Dr. Blumenfeld's bill from $168.50 to $93.50; in all other respects the decree of the trial court is affirmed. All costs are adjudged against the appellants.

FONES, C. J., and HARBISON, HENRY and COOPER, JJ., concur.