**FOREST PRODUCTS, DIVISION OF the LUDLOW CORPORATION, Appellant,**

v.

**Rita COLLINS, Appellee.**

Supreme Court of Tennessee.

March 1, 1976.

Clinton R. Anderson, Anderson & Anderson, Morristown, for appellant.

Gary E. Brewer, Edward R. Sempkowski, Morristown, for appellee.

## OPINION

BROCK, Justice.

This is an action to recover benefits under the Workmen's Compensation Laws. The parties will be referred to as they appeared below. The trial court awarded benefits for 16 weeks of temporary total disability, compensation for 25 percent permanent partial disability of the body as a whole, and recovery of medical expenses incurred in treatment of the injury. The employer has appealed and contends (1) that it is not liable for the medical expenses because the plaintiff sought treatment by physicians of her own choosing rather than by the "company physicians"; (2) that it is not liable for any compensation for either temporary or permanent disability because, so it alleges, the disability, if any, suffered by the plaintiff did not result directly from the injury but from the treatment and surgery performed by physicians and surgeons of her own choosing; and (3) the testimony most favorable to the plaintiff upon the issue of extent of disability is that she suffers a 10 percent permanent partial disability of the body as a whole, so that, there is no evidence to support the award of the trial court allowing benefits for 25 percent permanent partial disability of the body as a whole.

There is abundant evidence in the record to support the finding of the trial court that the plaintiff injured her back on June 18, 1974, while lifting "case sidings" which were rather heavy; that she reported this injury to the employer's nurse for first aid treatment; that this nurse referred her to Dr. Jose L. Wee Eng; that the plaintiff reported as directed to Dr. Wee Eng and that he made a rather cursory examination of her on June 19, 1974, at the conclusion of which he announced that he found nothing wrong with her and told her to return to work the next day, June 20, 1974; that plaintiff continued to suffer pain in her back which caused her to seek further treatment on the following Friday when she was examined by Dr. Andrews, her family physician, who admitted her to a hospital and called in Dr. Gutch, an orthopedic surgeon, for consultation; that she was hospitalized from June 24, 1974, to June 29, 1974, and again from August 12, 1974, to August 21, 1974; that Dr. Gutch performed a myelogram examination on or about August 14, 1974, which had positive results and that he performed an exploratory laminectomy on August 15, 1974, which disclosed an inflamed and swollen nerve root; and that the nerve root injury was the result of the injury suffered by the plaintiff on June 18, 1974.

Dr. Wee Eng did not testify but a written statement signed by him was introduced in evidence by stipulation, and in it he agrees that he directed the plaintiff to return to work on the following day, June 20, 1974. He further states that he advised the plaintiff to return to his office in one week if the pain persisted and that she did not return, but did call to say that she wanted to see her own personal physician, "which was all right with" him. The plaintiff in her testimony directly contradicted the statement of Dr. Wee Eng that he advised her to return in one week for further treatment. The trial judge resolved this conflict in favor of the plaintiff and we are not authorized to do otherwise.

■ We are of the opinion that there is adequate evidence to support the finding of the trial court that the employer is liable for the medical expenses in issue. T.C.A. § 50–1004 provides:

"... the employer ... shall furnish free of charge to the employee such medical and surgical treatment,

medicine . . . and hospitalization, . . . as may be reasonably required . . . .. The injured employee shall accept the medical benefits afforded hereunder; provided, that the employer shall designate a group of three or more reputable physicians or surgeons . . . from which the injured employee shall have the privilege of selecting the operating surgeon or the attending physician; . . . .''

In holding that the employer was liable for medical expenses incurred for treatment by physicians of the employee's own choosing, this Court in *Employers Insurance of Wausau v. Carter*, 522 S.W.2d 174, 176 (Tenn. 1975) said:

"Referring the employee to a single physician does not comply with the statute; it is an usurpation of the privilege of the employee to choose the ultimate treating physician. See: *Holston Valley Community Hospital v. Dykes*, 205 Tenn. 336, 326 S.W.2d 486 (1959). An employer who would claim the benefits of the statute should, himself, be required to comply with it. Likewise, the employee must comply with this statute if he is to be entitled to receive its benefits."

In the case at bar, we are of the opinion that the employee acted reasonably in seeking medical treatment of her own choice since the employer failed to tender to her a panel of three physicians from which to choose one, but, instead, referred her to a single "company doctor" who, after examination, dismissed her and directed her to return to work. We, therefore, hold that the employer is liable for the expenses incurred by the plaintiff in seeking necessary and proper medical treatment of her injury. *Employers Insurance of Wausau v. Carter, supra; Holston Valley Community Hospital v. Dykes, supra; Atlas Powder Company v. Grimes*, 200 Tenn. 206, 292 S.W.2d 13 (1956); *Atlas Powder Company v. Grant*, 200 Tenn. 617, 293 S.W.2d 180 (1956). There is not the slightest suggestion in the evidence or in the argument and brief of

counsel that the expenses in question were not for necessary or proper medical attention.

■■■ The insistence of the employer that the disability suffered by the plaintiff resulted from the surgery performed by Dr. Gutch rather than directly from the injury sustained on June 18, 1974, is not sustained by the record. The trial court, both in its oral findings announced at the conclusion of the hearing and later in the final decree, found that the plaintiff's disability resulted from the June 18, 1974, injury. Apparently the attorneys for both parties have placed a construction upon certain testimony by Dr. Gutch which we find to be unwarranted. We quote the testimony in question:

"Q. Now, doctor, based on the history you took from Mrs. Collins, you know, the examination and the exploratory surgery that you performed, would it be your professional opinion that the competent producing cause of Mrs. Collins' back problem was directly related to an injury which she sustained at work sometime back in June?

"A. As I explained, with a history that an individual does a great deal of lifting, twisting, and backbending could cause the irritation that was seen in Mrs. Collins so, therefore, there would be a relationship to her condition as she related to us from the history.

"Q. Dr. Gutch, do you anticipate whether or not Mrs. Collins will have any permanent residual disability as a result of this back problem she had been having?

"A. I rated her as a 10 percent permanent disability to her body as a whole as a result of the exploratory laminectomy.

"Q. Okay, and would that be a clinical or functional disability, doctor?

"A. I would rate that as a functional rating."

It is our opinion that the clause in question, that is, ". . . as a result of the exploratory laminectomy," refers to the basis for the doctor's rating rather than to the cause of plaintiff's disability. But, if it were intended to have the meaning placed upon it by counsel for the employer, we, nevertheless, are of the opinion that the plaintiff's disability is one for which the employer is liable under the Workmen's Compensation Laws. This Court is committed to the rule that when, without the fault of the employee, his original compensable injury is aggravated by medical or surgical treatment of it, there is such a causal connection between the original injury and the resulting disability or death that they are compensable, whether such medical or surgical treatment be skillful or negligent, at least if the physician or surgeon has been furnished by the employer or its insurer. *Whitaker v. Morton Frozen Foods, Inc.*, 201 Tenn. 425, 300 S.W.2d 610 (Tenn.1957); *The Fidelity & Casualty Company of New York v. Roberts*, 198 Tenn. 386, 280 S.W.2d 918 (1955). We conclude that the result should be the same when the physician or surgeon has been selected by the employee, provided the employee was justified in making his own selection of the physician or surgeon by the failure of the employer to comply with the provisions of T.C.A. § 50–1004 in providing proper medical care. *Fitzpatrick v. The Fidelity & Casualty Company of New York*, 7 Cal.2d 230, 60 P.2d 276 (1936).

Finally, we find adequate evidence in the record to support the finding of the trial court that the plaintiff has sustained a 25 percent permanent partial disability of the body as a whole. Dr. Gutch not only estimated her permanent disability as 10 percent of the body as a whole but he also testified that it would be inadvisable for her to engage in employment which required heavy lifting, backbending or twisting. In determining the amount of disability suffered by an injured employee, the trial court considers all the evidence and is not restricted to the precise estimate of disability made by a medical witness. *Crane Enamel Company v. Jamison*, 188 Tenn. 211, 217 S.W.2d 945 (1948); *Ferguson v. Tennessee-Carolina Transportation Company*, 221 Tenn. 557, 428 S.W.2d 783 (1968).

Accordingly, we affirm the judgment of the trial court and adjudge the costs incurred in this Court against the appellant.

FONES, C. J., and COOPER, HENRY and HARBISON, JJ., concur.