**Juliann PICKETT, Appellee,**

v.

**CHATTANOOGA CONVALESCENT AND NURSING HOME, INC., d/b/a Parkwood Convalescent and Nursing Center, Appellant.**

Supreme Court of Tennessee,
at Knoxville.

Feb. 22, 1982.

George M. Derryberry, Miller & Martin, Chattanooga, for appellant.

Ed Lane, Massey & Lane, Chattanooga, for appellee.

## OPINION

COOPER, Justice.

Parkwood Convalescent and Nursing Center has appealed from a judgment entered in the Circuit Court of Hamilton County awarding worker's compensation benefits to Juliann Pickett. Appellant insists that the trial judge erred in failing to hold that appellee is estopped from recovering benefits by her willful concealment of a prior back injury in making application for employment. Appellant also insists the trial judge erred in awarding appellee a judgment for medical expenses covering services rendered by physicians chosen by appellee. On considering the assignments, we find no error and affirm the judgment of the trial court.

Juliann Pickett, who was employed by appellant as a nurse's aide, sustained an injury on March 5, 1980, in an on-the-job accident. Mrs. Pickett was helping distribute trays of food to patients at the convalescent center, when her foot was caught or trapped under a food steamer being pushed by a fellow employee. The movement of the steamer pushed Mrs. Pickett against a stretcher, injuring her back. Treatment of the injury culminated in a laminectomy and fusion of the lower spine and sacrum, more particularly L–4, L–5, and S–1.

Appellant defended against appellee's claim for worker's compensation benefits, primarily on the ground that appellee had intentionally misrepresented her physical condition in making application for employment and had concealed a prior serious physical disability.

It is undisputed that in 1977, Mrs. Pickett injured her back on two occasions while working as a nursing assistant at Parkridge Hospital in Chattanooga. The later of the two injuries, the one that occurred on August 12, 1977, was severe and resulted in a partial laminectomy being performed on appellee at L–4. Appellee settled her resulting claim for worker's compensation benefits on the basis of a thirty-five percent permanent partial disability to the body as a whole.

In April, 1979, in making application for employment with appellant, appellee intentionally failed to disclose the prior injuries, even though the application contained questions designed to induce such a disclosure. Appellee frankly admitted that the concealment was due to the fact that she had been denied employment at other nursing homes where she had made a full disclosure.

In *Federal Copper & Aluminum Company v. Dickey*, 493 S.W.2d 463 (Tenn.1973), this court held that three factors must be present before a false statement in an employment application will bar recovery of worker's compensation benefits. First, the employee must have knowingly and wilfully made a false representation as to her physical condition. Second, the employer must have relied upon a false representation and this reliance must have been a substantial factor in the hiring. Third, there must have been a causal connection between the false representation and the injury. The causal connection required is a factual showing that the injury upon which the worker's compensation claim is based is causally related to the employee's prior injuries or physical condition wrongfully concealed from the employer. *See Federal Copper & Aluminum Company v. Dickey,*

*supra.* Except in the most obvious cases, such causation must be established by expert medical testimony. *Cf. Floyd v. Tennessee Dickel Company*, 225 Tenn. 65, 463 S.W.2d 684 (1971).

The trial judge noted that the existence of the first two factors was conceded by appellee, and that the only question was whether there was a causal connection between the injury that is the subject of the worker's compensation claim and the prior injuries concealed from the employer. On this issue, the trial judge found that "the greater weight of the medical proof does not establish a causal relationship between the two injuries, or that there was a greater risk in employing the [appellee]."

In a worker's compensation case, where the issue on appeal is basically one of fact, this court does not weigh evidence, nor decide the credibility of witnesses. Those are issues for the trial judge. *General Shale Products Corp. v. Casey*, 202 Tenn. 219, 303 S.W.2d 736 (1957). Our review is limited to a determination of whether there is any material evidence in the record to support the trial judge's findings. If there is, we are bound to accept them. *Jones v. Lenoir City Car Works*, 216 Tenn. 351, 392 S.W.2d 671; *General Shale Prod. Corp. v. Casey, supra.*

As noted by the trial judge, in his memorandum opinion, the medical proof on causal relationship was conflicting and meager. However, we find that Dr. H. Barrett Haywood had the following to say on the issue:

Q. All right. Doctor, could that prior surgery, and the prior condition that she had, in any way have aggravated or caused the condition which you treated?

A. No, sir. I think this was a separate incident.

 The trial judge accepted this testimony over that of the other physician that spoke to the issue of causal relationship. It is material evidence that supports the trial judge's finding on the issue, making that finding binding on this court.[1]

Appellant also takes issue with the judgment requiring it to pay medical expenses incurred in the treatment of appellee's injury. Appellant insists that appellee forfeited her right to these expenses by rejecting without justification or explanation, medical care tendered by the appellant.

T.C.A. § 50–1004 provides:

... the employer ... shall furnish free of charge to the employee such medical and surgical treatment, medicine ... and hospitalization ... as may be reasonably required ... The injured employee shall accept the medical benefits afforded hereunder; provided that the employer shall designate a group of three or more reputable physicians or surgeons ... from which the injured employee shall have the privilege of selecting the operating surgeon or the attending physician;

. . . .

Appellant did not furnish appellee a panel of three physicians from which she could choose one, but selected Dr. Paul Hawkins as the treating physician. This action was in violation of the requirements of T.C.A. § 50–1004, and was a usurpation of the privilege of the employee to choose the ultimate treating physician. *Employers Insurance of Wausau v. Carter*, 522 S.W.2d 174 (Tenn.1975).

1. The trial court also expressed the opinion that even if the proof on the issue of causal relationship had been contrary to that found to exist in this case, appellee would have been entitled to worker's compensation benefits since her injury "did not result from lifting a patient, or other strenuous work required of a nurse's aide, but resulted from an accident in a hallway common to all employees and the [appellee] would have been injured had she been employed as a handicapped secretary." There

is no requirement that the manner in which an injury is sustained be causally connected to the condition wilfully concealed or misrepresented in the application for employment in order to defeat appellee's claim for benefits. It is sufficient if the evidence shows "a causal connection between the condition misrepresented and the injury for which compensation is sought." *Foster v. Esis, Inc.*, 563 S.W.2d 180, 182 (Tenn. 1978).

This court has stated on several occasions that the violation of the requirements of T.C.A. § 50–1004 by an employer does not give the employee the right in every case to select a physician without consultation with the employer, nor does the statutory violation automatically make the employer liable for medical expenses incurred by the employee on his own. *See Burlington Industries, Inc. v. Clark*, 571 S.W.2d 816 (Tenn.1978); *Holston Valley Community Hospital v. Dykes*, 205 Tenn. 336, 326 S.W.2d 486 (1959). The violation of the statute does leave the employer open to the risk of having to pay for medical treatment by physicians chosen by the employee. *Employers Insurance of Wausau v. Carter*, 522 S.W.2d 174 (Tenn.1975). The liability of the employer turns on the issue of whether, under the circumstances, the employee was justified in obtaining further medical service, without first consulting the employer. *Burlington Industries, Inc. v. Clark*, 571 S.W.2d 816 (Tenn.1978); *Tom Still Transfer v. Way*, 482 S.W.2d 775 (Tenn.1972); *Holston Valley Community Hospital v. Dykes, supra.*

At the time appellee was injured, she was sent to the emergency room at Memorial Hospital for treatment. There she was given muscle relaxants and pain pills. When this treatment did not prove effective, appellee reported that fact to her supervisor, who referred appellee to Dr. Hawkins. According to appellee, Dr. Hawkins talked to her, but did not examine her or prescribe medication for her. "He just told me to go back to work on the following Monday. That was on Friday that he told me this." Appellee then went to a doctor who would examine her and would do something for her.

We agree with the trial judge that, under these circumstances, the appellant is liable for medical expenses incurred by appellee in securing treatment of her injury. Her action in seeking medical help on her own, to us, was a justified and natural reaction to the failure of the physician chosen by the company to examine appellee or to do anything to alleviate her pain other than to talk with her and to direct her to return to work.

Judgment affirmed. Costs incident to the appeal are adjudged against appellant and its surety.

HARBISON, C. J., and FONES, BROCK and DROWOTA, JJ., concur.

