FILED

October 6, 2015

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 2:09 PM



# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MURFREESBORO

| | |
|---|---|
| **DAVID BUCHER**<br>　　　　**Employee,**<br>**v.**<br>**DIVERSCO/ABM INDUSTRIES, INC.**<br>　　　　**Employer,**<br>**And**<br>**ESIS**<br>　　　　**Insurance Carrier.** | **Docket No.: 2015-05-0184**<br><br>**State File Number: 43268-2015**<br><br>**Judge Dale Tipps** |

---

## EXPEDITED HEARING ORDER FOR MEDICAL BENEFITS

---

This matter came before the undersigned workers' compensation judge on the Request for Expedited Hearing filed by the employee, David Bucher, pursuant to Tennessee Code Annotated section 50-6-239 (2014).  The present focus of this case is the compensability of Mr. Bucher's hernia claim.  The central legal issue is whether Mr. Bucher suffered a hernia arising primarily out of and in the course and scope of his employment.  For the reasons set forth below, the Court finds Mr. Bucher is entitled a medical evaluation to determine the causation of his injury.

### History of Claim

Mr. Bucher is a sixty-year-old resident of Coffee County, Tennessee.  (*See* PBD.) He testified he began working for Diversco in August 2014.  On April 14, 2015, he was lifting five-gallon buckets at work when he felt a pain in his groin.  (Ex. 1 at 3.)  He reported the pain to his supervisor, A. J. Perkins, before going home.  *Id.*  He testified he missed some work due to sickness and returned on April 17, 2015.  He told Mr. Perkins he was hurting, so Mr. Perkins told him to go the hospital in Murfreesboro.  Mr. Bucher went to the emergency room at St. Thomas Rutherford Hospital.  When he continued to have problems, Mr. Perkins told Mr. Bucher to go to Vanderbilt Medical Center in Nashville.

Mr. Bucher subsequently experienced severe groin pain and called an ambulance to transport him to Manchester Medical Center.  There he saw Dr. James VanWinkle,

1

who recommended surgery. Diversco refused to authorize the operation. Mr. Bucher has not had surgery, and Diversco has not returned him to work.

Mr. Perkins testified he was Mr. Bucher's supervisor at Diversco, and they worked together on the prep crew at a casket manufacturer. The crew's responsibilities included cleaning and taking care of the paint department. On April 13, 2015, Mr. Perkins went to the supply room, where he found Mr. Bucher in pain and holding his side. He asked Mr. Bucher if he was injured on the job, but Mr. Bucher would not answer the question. Mr. Bucher worked to the end of his shift, but did not return to work until April 17, 2015.

Mr. Perkins discussed the cause of Mr. Bucher's symptoms with him several times over the next few days. Mr. Bucher suffered from a virus at the time, and indicated he might have strained himself while vomiting. Mr. Perkins felt Mr. Bucher might have injured himself on the job and asked again whether that were possible. Mr. Bucher initially said no, but later said he might have. Mr. Perkins testified Mr. Bucher eventually told him he injured himself lifting buckets at work, but was afraid he would lose his job if he reported the injury. Mr. Bucher still had pain and a bulge in his groin. Mr. Perkins thought Mr. Bucher might have a hernia and suggested he go to the hospital.

Medical Center of Manchester admitted Mr. Bucher on May 8, 2015, for complaints of nausea, vomiting, right-lower quadrant pain, and weight loss, all of which began three weeks earlier. (Ex. 3 at 1-2.) While at Medical Center of Manchester, Mr. Bucher saw Dr. VanWinkle for a surgery consultation on May 9, 2015. He reported his abdominal pain "started on April 14th, and he states he lifts buckets at work." Dr. VanWinkle noted that Vanderbilt told Mr. Bucher he had an inguinal hernia, but he did not see evidence of that in the medical record. Dr. VanWinkle could not palpate a hernia and felt Mr. Bucher most likely had a muscle strain or possibly constipation. He acknowledged, however, the possibility of a small hernia that is difficult to palpate. *Id*. at 4-5.

The Medical Center of Manchester May 11, 2015 discharge summary includes information from the records of several other providers. Vanderbilt Medical Center records documented Mr. Bucher's evaluation in the emergency room on April 19, 2015. His examination at Vanderbilt was consistent with a small right inguinal hernia, which ultrasound confirmed. Mr. Bucher went to the St. Thomas Rutherford emergency room on April 22, 2015, with similar symptoms and was referred to a surgeon, Dr. Robert Durgin. Mr. Bucher saw Dr. Durgin the next day and received an inguinal block. *Id*. at 2.

Dr. VanWinkle followed up with Mr. Bucher in his office on May 15, 2015, for complaints of right inguinal pain. (Ex. 2 at 1.) Mr. Bucher reported pain in his right groin since injuring himself at work. Dr. VanWinkle palpated a right inguinal hernia and said it needed surgical repair. *Id.* at 2.

**Findings of Fact and Conclusions of Law**

The Workers' Compensation Law shall not be remedially or liberally construed in favor of either party but shall be construed fairly, impartially and in accordance with basic principles of statutory construction favoring neither the employee nor employer. Tenn. Code Ann. § 50-6-116 (2014). The employee in a workers' compensation claim has the burden of proof on all essential elements of a claim. *Tindall v. Waring Park Ass'n,* 725 S.W.2d 935, 937 (Tenn. 1987);[1] *Scott v. Integrity Staffing Solutions,* No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015). An employee need not prove every element of his or her claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). At an expedited hearing, an employee has the burden to come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits. *Id.*

In order for an injury to be compensable, it must be accidental. Under the Tennessee Workers' Compensation Law, an injury is accidental "only if the injury is caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment, and is identifiable by time and place of occurrence." Tenn. Code Ann. § 50-6-102(13)(A) (2014). "An injury 'arises primarily out of and in the course and scope of employment' only if it has been shown by a preponderance of the evidence that the employment contributed more than fifty percent (50%) in causing the injury, considering all causes[.]" Tenn. Code Ann. § 50-6-102(13)(B) (2014).

The Court notes that Mr. Bucher is a poor historian and had difficulty presenting his case. However, the Court finds that Mr. Bucher appeared steady, forthcoming, reasonable, and honest, which characteristics, according to the Tennessee Supreme Court, are indicia of reliability. *See Kelly v. Kelly,* 445 S.W.3d 685, 694-695 (Tenn. 2014). Mr. Bucher's affidavit states he was lifting five-gallon buckets at work on April 14, 2015, when he felt a pain in his groin. This is consistent with the history he gave at Vanderbilt Medical Center five days later and with what he told Dr. VanWinkle about his work and the onset of his symptoms. Mr. Perkins testified he found Mr. Bucher in pain on April 13, 2015,[2] and Mr. Bucher subsequently told him he had a bulge in his abdomen. The

---

[1] The Tennessee Workers' Compensation Appeals Board allows reliance on precedent from the Tennessee Supreme Court "unless it is evident that the Supreme Court's decision or rationale relied on a remedial interpretation of pre-July 1, 2014 statutes, that it relied on specific statutory language no longer contained in the Workers' Compensation Law, and/or that it relied on an analysis that has since been addressed by the general assembly through statutory amendments." *McCord v. Advantage Human Resourcing,* No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, *13 n.4 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015).

[2] The discrepancy in the injury date is not significant and might be explained by Mr. Perkins' testimony regarding the third shift, to which both he and Mr. Bucher belonged. He testified that the third shift began late every evening

Court finds that Mr. Bucher appears likely to carry his burden of proving a specific injury-causing incident occurring in the course of his employment.

Diversco correctly asserted that Mr. Bucher has not carried his burden of proving that his injury arose primarily out of his employment. However, the missing element is medical causation. The Court holds that it is not necessary for Mr. Bucher to prove medical causation at this time in order to receive temporary medical benefits. Enforcing such a high burden early in his claim would yield the unreasonable result of prohibiting Mr. Bucher from receiving authorized medical care for his condition without first securing an expert opinion on medical causation. As the Workers' Compensation Appeals Board has held:

> [A]n employee need not prove each and every element of his or her claim by a preponderance of the evidence at an expedited hearing to be entitled to temporary disability or medical benefits, but must instead present evidence sufficient for the trial court to conclude that the employee would likely prevail at a hearing on the merits in accordance with the express terms of section 50-6-239(d)(1). A contrary rule would require many injured workers to seek out, obtain, and pay for a medical evaluation or treatment before his or her employer would have any obligation to provide medical benefits. The delays inherent in such an approach, not to mention the cost barrier for many workers, would be inconsistent with a fair, expeditious, and efficient workers' compensation system. *See* Tenn. Code Ann. § 4-3-1409(b)(2)(A) (2014).

*McCord*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9-10.

Tennessee law requires an employer to provide "free of charge to the employee such medical and surgical treatment . . . made reasonably necessary by accident as defined in this chapter[.]" Tenn. Code Ann. § 50-6-204(a)(1)(A) (2014). Mr. Bucher has an injury. At this point, however, it is unclear from a medical standpoint, whether his work caused the injury. Mr. Bucher has a right to a causation opinion to determine whether his condition is a work-related injury. The Court, therefore, finds that Diversco must provide Mr. Bucher an additional medical evaluation in order that an authorized physician may provide an opinion on medical causation. If medical causation is established, Diversco shall provide continuing, reasonable and necessary care, with the authorized physician.

Diversco provided a panel of physicians on June 24, 2015 (Ex. 7), but never authorized any treatment and subsequently denied Mr. Bucher's claim. Therefore, he

---

and worked through to the next morning. However, for record-keeping, an employee's work day was identified as the date the shift started, regardless of the hours the employee worked during the same shift after midnight.

sought continuing medical care on his own, culminating with Dr. VanWinkle's determination that Mr. Bucher has a right inguinal hernia in need of surgical repair. Where an employer fails to give the employee the opportunity to choose the ultimate treating physician from a panel of at least three physicians, it runs the risk of having to pay the reasonable cost for treatment of the employee's injuries by a physician of the employee's choice. *Lindsey v. Strohs Companies, Inc.*, 830 S.W.2d 899, 902-903 (Tenn. 1992). The liability of an employer for medical expenses incurred by the employee on his own turns on whether, under the circumstances, the employee was justified in obtaining further medical services without first consulting the employer. *Pickett v. Chattanooga Convalescent and Nursing Home, Inc.*, 627 S.W.2d 941, 944 (Tenn. 1982).

Mr. Bucher discussed his symptoms several times with his supervisor, Mr. Perkins, who urged him to go to the hospital for medical treatment. Under the circumstances, the Court finds that Mr. Bucher was justified in seeking medical treatment with Dr. VanWinkle, and it is appropriate for Dr. VanWinkle to be designated the authorized treating physician for the medical causation evaluation and treatment, if medical causation is established.

Diversco correctly notes that, as Mr. Bucher alleges to have suffered a hernia, he bears the additional burden of proving:

(1) There was an injury resulting in hernia or rupture;
(2) The hernia or rupture appeared suddenly;
(3) It was accompanied by pain;
(4) The hernia or rupture immediately followed the accident; and
(5) The hernia or rupture did not exist prior to the accident for which compensation is claimed.

Tenn. Code Ann. § 50-6-212(a) (2014).

Diversco contends that Mr. Bucher has not met his burden of proving any of these factors. It first argues that Mr. Bucher cannot meet the first requirement, as he has not proven that he actually has a hernia. In support of this argument, Diversco cites what it characterizes as conflicting diagnoses in the medical records. However, while some of the medical providers discussed the possibility of other causes of Mr. Bucher's symptoms, the medical evidence establishes that, in fact, he has a hernia. Dr. VanWinkle changed his mind about the diagnosis when he actually palpated the hernia on May 15, 2015. Further, the April 19, 2015 Vanderbilt records diagnosed Mr. Bucher with a small right inguinal hernia, a diagnosis confirmed by ultrasound.

Diversco also argues that Mr. Bucher has not met the second and fourth statutory factors because he failed to specifically describe what he was doing at the time the hernia appeared. This argument overlooks the fact that Mr. Bucher's affidavit, admitted into

evidence without objection, explicitly states he was lifting five-gallon buckets when he felt pain in his groin.

Finally, Diversco contends Mr. Bucher failed to satisfy the fifth factor because he presented no medical evidence addressing whether the hernia pre-existed the lifting incident. Diversco cited no authority for the proposition that medical proof is essential to establish the absence of a pre-existing hernia. However, to the extent that medical opinion is necessary, it would follow the causation analysis set out above – Mr. Bucher has the right to a medical evaluation addressing causation, which includes consideration of whether the hernia pre-existed the work injury.

Mr. Bucher's Petition for Benefit Determination includes a request for payment of his past medical expenses. As noted above, he has not established medical causation of his condition. Further, while justified in seeking medical treatment, he would only be entitled to reimbursement for treatment received *after* he gave notice of the injury. The evidence is not clear as to exactly when he acknowledged to Mr. Perkins that he injured himself at work. In addition, Mr. Bucher presented no medical proof as to the reasonableness and necessity of any medical expenses. Thus, the Court finds, at this time, Mr. Bucher has not established the medical expenses for which he is entitled to be reimbursed.

The Court also denies Mr. Bucher's claim for temporary disability benefits at this time, as he has not established medical causation.

**IT IS, THEREFORE, ORDERED** as follows:

1. Diversco shall schedule and pay for a medical evaluation by Dr. VanWinkle for the purpose of obtaining an opinion on the medical causation of Mr. Bucher's inguinal hernia. In the event medical causation is established, Diversco shall provide continuing, reasonable and necessary care with Dr. VanWinkle as required by Tennessee Code Annotated section 50-6-204 (2014). Medical bills shall be furnished to Diversco or its workers' compensation carrier by Mr. Bucher or the medical providers.

2. Mr. Bucher's request for payment of his past medical expenses is denied. At this time, Mr. Bucher has not come forward with sufficient evidence from which the Court may conclude he is likely to prevail at a hearing on the merits on this issue.

3. Mr. Bucher's request for temporary disability benefits is denied. At this time, Mr. Bucher has not come forward with sufficient evidence from which the Court may conclude he is likely to prevail at a hearing on the merits on this issue.

4. This matter is set for an Initial (Scheduling) Hearing on November 12, 2015, at 11:00 a.m.

5. **Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2014). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.**

6. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov or by calling (615) 253-1471 or (615) 532-1309.

**ENTERED this the 6th day of September, 2015.**

_____
**Judge Dale Tipps**
**Court of Workers' Compensation Claims**

Initial (Scheduling) Hearing:

An Initial (Scheduling) Hearing has been set with **Judge Dale Tipps, Court of Workers' Compensation Claims. You must call 615-741-2112 or toll free at 855-874-0473 to participate.**

**Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Central Time (CT).**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

7

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within three business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within three business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order for Medical Benefits was sent to the following recipients by the following methods of service on this the 6th day of October, 2015.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email or Mail Address |
|------|----------------|------------------|---------|------------|-----------|-----------------------|
| David Bucher | X | X | | | | 3338 Murfreesboro Hwy. Lot 2 Manchester, TN 37355 |
| David Deming, Employer/Carrier's Counsel | | | | | x | DDEMING@manierherod.com |

_____

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

# APPENDIX

<u>Exhibits:</u>

1. Affadavit of David Bucher[i]
2. May 15, 2015 medical record from Dr. James VanWinkle
3. Discharge Summary and Consultation Note from Medical Center of Manchester
4. Form C-41 Wage Statement
5. Employee Instructions Form dated August 8, 2014
6. Medical Bills and Discharge Instructions (marked for identification only)
7. Form C-42 Medical Panel and cover letter
8. Timecard Report for David Bucher
9. April 23, 2015 Return to Work note from Dr. Robert Durgin
10. June 23, 2015 Return to Work note from Dr. VanWinkle.

<u>Technical record:</u>[ii]
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Diversco's Position Statement

---

[i] Mr. Bucher's affidavit consists of a sworn, signed, and notarized Bureau form that contains no information regarding his alleged work injury, and an attached written and notarized statement that provides his description of the events.

[ii] The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.