**FILED**

**December 30, 2015**

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 1:59 PM



## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| Kimberly Valentine, | ) | Docket No.: 2015-06-0841 |
| Employee, | ) | |
| v. | ) | State File Number: 58121-2015 |
| Dollar General, | ) | |
| Employer, Self-insured. | ) | Chief Judge Kenneth M. Switzer |
| | ) | |

---

### EXPEDITED HEARING ORDER GRANTING MEDICAL BENEFITS

---

This matter came before the undersigned workers' compensation judge on the Request for Expedited Hearing filed by the employee, Kimberly Valentine, pursuant to Tennessee Code Annotated section 50-6-239 (2015). The present focus of this case is Ms. Valentine's entitlement to a panel of physicians and Dollar General's liability for past unauthorized care. The central legal issue is whether Dollar General acted in compliance with the Workers' Compensation Law when it verbally offered Ms. Valentine care from only one provider. For the reasons set forth below, the Court finds Dollar General did not provide a statutorily-compliant panel. Therefore, Ms. Valentine is entitled to a panel of orthopedic specialists who may provide any reasonable and necessary care. The Court further finds that, at this time, Ms. Valentine failed to satisfy her burden with regard to her requested reimbursement for unauthorized care.[1]

### History of Claim

Ms. Valentine is a forty-eight-year-old resident of Sumner County, Tennessee. (T.R. 1 at 1.) She testified she works full-time for the State of Tennessee, and worked a second job as an assistant store manager for Dollar General in Goodlettsville. Ms. Valentine suddenly felt pain in her back while stocking the highest "sky" shelves on July 25, 2015. She continued to work, bending down to move a heavy bag to the bottom shelves, and pain shot through her legs. She "hit the floor," and then went to the office. Dollar General stipulated that the July 25, 2015 injury is work-related.

Ms. Valentine testified she reported the injury at about 8:00 or 9:00 p.m. that

---

[1] A complete listing of the technical record and exhibits admitted at the Expedited Hearing is attached to this Order as an appendix.

evening, via Dollar General's telephonic injury hotline. The triage nurse with whom she spoke offered a provider in "Spring Hill or Springfield," although the nurse noted it would likely be closed by the time Ms. Valentine arrived there from Goodlettsville. The nurse told her to call back the next morning. According to Ms. Valentine, when she called the following morning, the nurse told her to go to Concentra. The Affidavit of Dollar General's claims adjuster, Samuel English, indicated that, "Pursuant to statute, Ms. Valentine was offered the C42 panel of authorized physicians over the phone by our triage nurse." (Ex. 3 at 1.) However, Dollar General did not introduce a C-42 Choice of Physician form into evidence.

Dr. Cathy Hammond-Moulton, the Concentra physician, diagnosed strains in the lumbar and thoracic regions of Ms. Valentine's back. (Ex. 1 at 3-4.) Ms. Valentine received follow-up care at Concentra on three additional occasions, the last of which was August 11, 2015. Dr. Hammond-Moulton's notes indicate Ms. Valentine stated her condition was worsening. *Id.* at 16. Dr. Hammond-Moulton ordered an MRI but marked it as on "hold." *Id.* at 17. The notes additionally state she told Ms. Valentine to return in one week. *Id.* at 16-18. However, on the morning of the scheduled MRI, Dr. Hammond-Moulton cancelled it.

Ms. Valentine telephoned Mr. English to ask how she should proceed after the MRI's cancellation. He said Dr. Hammond-Moulton telephoned him earlier as well to inform him of the MRI's cancellation. According to Ms. Valentine, she told Mr. English she was still experiencing pain, to which he responded, "'You're more than welcome to see your own—your own doctor.' I said 'okay,' and that's what I did." On cross-examination, Ms. Valentine stated she never asked to see another doctor because, "He told me I was done, go on my own, and that's what I did."

Ms. Valentine saw her primary care physician, Dr. John Williams, on August 28, 2015, who ordered an MRI. *Id.* at 35. The MRI report from Outpatient Diagnostic Center of Nashville lists Dr. Williams as the referring physician.[2] *Id.* at 19. The MRI report states, "Impression: 1. Congenital spinal stenosis. 2. Disc bulge and facet degeneration with minimal lateral recess stenosis bilaterally at L5-S1." *Id.* at 19. At a follow-up visit on September 30, 2015, Dr. Williams referred Ms. Valentine for an orthopedic evaluation. *Id.* at 30, 32.

Ms. Valentine conceded on cross-examination that she treated with Dr. Williams in February and March 2015 for right-shoulder bursitis and low-back pain. Dr. Williams' March 10, 2015 notes stated she reported back pain, and, "pt presents today w/ complaint

---

[2] Mr. English testified via affidavit that Dollar General provided the MRI. (Ex. 4 at 1.) However, the report lists Dr. Williams as the referral source (Ex. 1 at 19), and Ms. Valentine submitted a bill from Outpatient Diagnostic Center for the MRI. (Ex. 6.) Dollar General's counsel clarified in argument that Mr. English authorized the MRI but, because Dr. Hammond-Moulton cancelled it, it did not pay for the MRI.

of rt shoulder pain – following injury at work, she is unable to lift rt arm above shoulder level." *Id.* at 21. Further, the February 3, 2015 notes stated, "Has had chronic low back pain for a while." *Id.* at 22. Ms. Valentine testified she never saw a doctor for her back or shoulder prior to these visits, nor did she report a work-related injury to Dollar General at that time.

Ms. Valentine emailed Mr. English on October 15, 2015. (Ex. 5.) She wrote:

> I left you another message on your phone letting you know that I had sent you a copy of the MRI. I am in a lot of pain and need to know What [sic] I must do next my doctor states I must see specialist. Please let me know if you are going to keep the case closed. Because if so I just need a copy of the closure letter to take to back specialist of my choice.

In Mr. English's response, he attached a release enabling Dollar General to access her records from Dr. Williams, and wrote "We **MAY** very well need to consider further care under WC." *Id.* (Capitalization and boldface in original.)

Mr. English's Affidavit states Dollar General did not deny Ms. Valentine's claim, but he did not offer additional authorized care. (Ex. 4 at 2.) Ms. Valentine testified that Dr. Williams discontinued treating her for the work-related injury because he does not treat workers' compensation patients. Ms. Valentine introduced into evidence a bill for the MRI totaling $455.00, as well as a Cigna Explanation of Benefits form indicating she owes a $25.00 co-pay for treatment with Dr. Williams on August 28, 2015. (Exs. 6, 7.) Ms. Valentine additionally introduced written MapQuest driving directions (Ex. 8) and testified that the trip one way from her former residence to the doctor's office is 16.4 miles. Further, she introduced leave requests, which document Ms. Valentine used sick leave from her state employment to attend treatment for her work-related injury. (Ex. 9.)

Ms. Valentine filed a Petition for Benefit Determination (PBD) seeking additional medical benefits. The parties did not resolve the disputed issues through mediation, and the Mediating Specialist filed a Dispute Certification Notice (DCN). Ms. Valentine filed a Request for Expedited Hearing, and this Court heard the matter on December 17, 2015.

At the Expedited Hearing, Ms. Valentine asserted that Dollar General never provided a statutorily-compliant panel, but rather offered only authorized care through one physician at Concentra. Therefore, she is entitled to a panel of orthopedic specialists, in accordance with Dr. Williams' recommendation. Ms. Valentine's complaints from February and March are of no consequence because she continued to work throughout that time and the problems resolved, so that she did not feel a need to report anything to Dollar General. Ms. Valentine further argued she is entitled to reimbursement for medical bills, loss of her sick time from her primary employment with the State and mileage relative to treatment with Dr. Williams.

3

Dollar General countered it verbally provided a three-physician panel, from which Ms. Valentine chose Concentra. No written documentation regarding Dollar General offering a three-physician panel or Ms. Valentine's choice is presently available. However, Ms. Valentine accepted the proffered care through her continued visits to Concentra. Dollar General further argued the Workers' Compensation Law does not allow for the recovery of lost wages from a second job. Further, Ms. Valentine did not indicate that she seeks temporary disability benefits on her PBD, so that the issue is not properly before the Court at this time. Dollar General claimed it never denied treatment; rather, Dr. Hammond-Moulton cancelled the MRI. It contended Ms. Valentine sought treatment on her own, and therefore it is not liable for the bills she presented. Dollar General further asserted the submitted bills establish only the charged amounts, and not that the treatments they relate to are reasonable and necessary. Dollar General claimed it properly denied authorization of Dr. Williams' referral to an orthopedic specialist because he is not the authorized treatment provider.

## Findings of Fact and Conclusions of Law

The Workers' Compensation Law shall not be remedially or liberally construed in favor of either party but shall be construed fairly, impartially and in accordance with basic principles of statutory construction favoring neither the employee nor employer. Tenn. Code Ann. § 50-6-116 (2015). In general, an employee bears the burden of proof on all prima facie elements of his or her workers' compensation claim. Tenn. Code Ann. § 50-6-239(c)(6) (2015); *see also Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *5 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015).

An employee need not prove every element of his or her claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). At an expedited hearing, an employee has the burden to come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits. *Id.* This lesser evidentiary standard "does not relieve an employee of the burden of producing evidence of an injury by accident that arose primarily out of and in the course and scope of employment at an expedited hearing, but allows some relief to be granted if that evidence does not rise to the level of a 'preponderance of the evidence.'" *Buchanan*, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6.

*Dollar General Must Provide a Panel*

The Workers' Compensation Law provides that employers must furnish, free of charge to the employee, medical treatment made reasonably necessary by the work-

4

related accident. *See* Tenn. Code Ann. § 50-6-204(a)(1)(A) (2015). The law further states that, where an employee suffers an injury and expresses a need for medical care, "the employer shall designate a group of three (3) or more independent reputable physicians . . . from which the injured employee shall select one (1) to be the treating physician." Tenn. Code Ann. § 50-6-204(a)(3)(A)(i) (2015). In addition – and critical to the determination of this issue – the statute reads:

> The employer shall provide the applicable panel of physicians or chiropractors to the employee *in writing on a form prescribed by the [bureau][.]. . . In any case when the employee has been presented the physician selection form but has failed to sign the completed form and return it to the employer,* the employee's receipt of treatment from any physician provided in the panel after the date the panel was provided shall constitute acceptance of the panel and selection of the physician from whom the employee received treatment as the treating physician[.]

Tenn. Code Ann. § 50-6-204(a)(3)(D)(i)-(ii) (2015).

The plain language of the statute requires that a panel be offered in writing. Ms. Valentine credibly testified she was not offered a written panel but that Dollar General directed her to one provider, Concentra. In contrast, Mr. English's Affidavit merely contends Dollar General, through a triage nurse, offered C-42 authorized physicians over the phone. Dollar General offered no written proof of a panel. The Court gives greater weight to Ms. Valentine's testimony and finds that Dollar General verbally directed her to one provider.

A verbal directive to see one designated provider is insufficient under the statute. Dollar General argued that Ms. Valentine accepted Concentra as the authorized treating physician and is therefore bound by her choice. However, without proof of a written panel or that Ms. Valentine failed to sign the appropriate form confirming her choice, such presumed acceptance fails. Dr. Williams referred Ms. Valentine to an orthopedic specialist. Dollar General must offer a panel of orthopedic specialists, in accordance with Dr. Williams' recommendation.

*Liability for Unauthorized Medical Treatment*

Where the employer fails to give the employee the opportunity to choose the ultimate treating physician from a panel of at least three physicians, the employer runs the risk of having to pay the reasonable cost for treatment of the employee's injuries by a physician of the employee's choice. *McCord, supra,* at *13. The liability of an employer for medical expenses incurred by the employee on his own turns on whether, under the circumstances, the employee was justified in obtaining further medical services without first consulting the employer. *Pickett v. Chattanooga Convalescent and Nursing Home,*

5

*Inc.*, 627 S.W.2d 941, 944 (Tenn. 1982).[3]

In the present case, Ms. Valentine provided the only testimony regarding her treatment with Dr. Williams, her primary care provider. After receipt of verbal notice of the cancellation of her authorized MRI, she contacted Mr. English, who, according to her unrefuted testimony, advised that she could see her own doctor if she desired. Ms. Valentine proceeded to do so on two occasions, and Dr. Williams referred her for an MRI. The MRI revealed problems significant enough for Dr. Williams to recommend Ms. Valentine consult an orthopedic specialist. The Court finds Ms. Valentine justified under the circumstances of this case in seeking additional medical care, especially after encouragement to do so from Mr. English.

However, to require Dollar General to pay medical expenses related to this treatment, proof must be offered that the visits to Dr. Williams and the MRI are related to the workplace incident of July 25, 2015. The Court must further find that the bills incurred are both reasonable and necessary. An injured employee "has the burden of establishing the necessity and reasonableness of charges incurred under physicians not designated or otherwise approved by the employer." *Russell v. Genesco, Inc.*, 651 S.W.2d 206, 211 (Tenn. 1983).

With regard to necessity, the Court diligently scoured the medical records for a direct causation statement relating Dr. Williams' treatment, including the MRI prescription, to the July 25, 2015 event. Although a connection seems logical and makes common sense, the Court remains bound by the requirements of the law on causation matters such as this, especially when the medical records reveal a prior history of back-related medical visits. Until Ms. Valentine comes forward with a statement from Dr. Williams relating his treatment and recommendations to the injury, the Court cannot order payment of the medical bills by Dollar General. The Court is likewise bound with regard to the mileage requests.

Finally, on the issue of benefits for time taken off from Ms. Valentine's primary employment, Dollar General correctly asserted that this Court has no authority to award lost wages because the Workers' Compensation Law does not provide for such reimbursement. *See generally* Tenn. Code Ann. § 50-6-207(1)-(2) (2015). Moreover, as a general rule, "only issues that have been certified by a workers' compensation mediator within a dispute certification notice may be presented to the workers' compensation judge for adjudication." Tenn. Code Ann. § 50-6-239(b)(1) (2015). This issue did not appear

---

[3] The Tennessee Workers' Compensation Appeals Board allows reliance on precedent from the Tennessee Supreme Court "unless it is evident that the Supreme Court's decision or rationale relied on a remedial interpretation of pre-July 1, 2014 statutes, that it relied on specific statutory language no longer contained in the Workers' Compensation Law, and/or that it relied on an analysis that has since been addressed by the general assembly through statutory amendments." *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *13 n.4 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015).

in the DCN.

In conclusion, as a matter of law, Ms. Valentine has come forward with sufficient evidence from which this Court concludes she is likely to prevail at a hearing on the merits on the issue of entitlement to a panel of physicians. Her requests for payment of medical expenses and mileage reimbursement remain denied at this time, pending medical proof of a causal relationship between the injury and the treatment prescribed, including the MRI.

**IT IS, THEREFORE, ORDERED** as follows:

1. Medical care for Ms. Valentine's injuries shall be paid and Dollar General shall provide Ms. Valentine with medical treatment for these injuries as required by Tennessee Code Annotated section 50-6-204 (2015), to be initiated by Dollar General providing Ms. Valentine with a panel of orthopedic physicians as required by that statute. Ms. Valentine or the medical providers shall furnish Dollar General the medical bills incurred for authorized treatment and Dollar General shall timely pay them.

2. This matter is set for an Initial (Scheduling) Hearing on **February 10, 2016, at 1:30 p.m. Central time.**

3. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2015). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.

4. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov or by calling (615) 253-1471 or (615) 532-1309.

**ENTERED this the 30th day of December, 2015.**

Kenneth M. Switzer, Chief Judge
**Court of Workers' Compensation Claims**

7

Initial (Scheduling) Hearing:

An Initial (Scheduling) Hearing has been set with **Chief Judge Kenneth M. Switzer, Court of Workers' Compensation Claims. You must call 615-532-9552 or toll free at 866-943-0025 to participate in the Initial Hearing.**

**Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation.**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing

8

Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

# APPENDIX

Exhibits:

1. Medical Records of Kimberly Valentine
2. Affidavit of Kimberly Valentine, December 4, 2015
3. Affidavit of Samuel W. English, December 8, 2015
4. First Report of Injury form, July 28, 2015
5. Email exchange between Kimberly Valentine and Samuel W. English, adjustor
6. Bill from Outpatient Diagnostic Center
7. Cigna Explanation of Benefits form
8. MapQuest mileage/directions
9. Edison Leave Requests with the State of Tennessee

Technical Record:[4]

1. Petition for Benefit Determination, October 23, 2015
2. Dollar General's pre-mediation position statement, November 11, 2015
3. Ms. Valentine's pre-mediation position statement, November 16, 2015
4. Dispute Certification Notice, December 3, 2015
5. Request for Expedited Hearing, December 3, 2015
6. Employer's Response to Employee's Request for Expedited Hearing, December 9, 2015.

---

[4] The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 30th day of December, 2015.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|------|------|------|------|
| Kimberly Valentine, Self-represented | x | | x | Mmm1130@aol.com; 105 Imperial Blvd., #1304, Hendersonville TN 37075 |
| Heather Douglas, Employer's Counsel | | | x | hdouglas@manierherod.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

11