FILED

November 8, 2016

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 7:13 A.M.



**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**WORKERS' COMPENSATION APPEALS BOARD**

| | | |
|---|---|---|
| Terry Lamm | ) | Docket No.   2015-01-0429 |
| | ) | |
| v. | ) | State File No.  64870-2015 |
| | ) | |
| E. Miller Construction, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Thomas Wyatt, Judge | ) | |

---

**Affirmed and Remanded-Filed November 8, 2016**

---

In this interlocutory appeal, the employer disputes the trial court's order requiring it to provide a panel of physicians to the employee.  The employee reported an injury resulting from lifting a steel H-beam and was directed by the employer to a particular urgent care medical facility where he was seen and treated on three occasions.  After being released to return to work without restrictions, the employee requested treatment with another physician, and the employer denied that request, arguing that the employee's complaints were due to a pre-existing condition rather than a work-related injury.  Following an expedited hearing, the trial court determined the employee was entitled to a panel of physicians.  The employer has appealed.  We affirm the trial court's decision and remand the case for further proceedings as may be necessary.

Judge David F. Hensley delivered the opinion of the Appeals Board in which Judge Marshall L. Davidson, III, and Judge Timothy W. Conner joined.

Nicholas J. Peterson, Knoxville, Tennessee, for the employer-appellant, E. Miller Construction, Inc.

Joseph H. Crabtree, Jr., Athens, Tennessee, for the employee-appellee, Terry Lamm

**Factual and Procedural Background**

Terry Lamm ("Employee") alleges he suffered an injury to his lumbar spine on August 12, 2015 when he was assisting in lifting a steel H-beam while working for E.

Miller Construction, Inc. ("Employer").  He described feeling immediate pain in his back and having to leave work early, testifying that the pain made him unsteady on his feet and caused him to exit the roof where he was working using stairs instead of a ladder.  After resting at home for two days, he sought emergency medical treatment at Blount Memorial Hospital because his pain had not improved.  He was diagnosed with a lumbar sprain and discharged.

Employee testified at an expedited hearing that he informed Employer's "safety guy" of his injury and was instructed to go to Lakeway Urgent Care ("Lakeway").  Although Dr. John Sanabria is identified in Lakeway's medical records as the treating physician, Employee testified that he was seen by nurses at each of his three appointments and denied having ever actually been seen by Dr. Sanabria.  However, in his affidavit filed in support of his request for expedited hearing, Employee stated he was "instructed . . . to attend an appointment with Dr. John Sanabria," and that he "followed up with Dr. Sanabria as required beginning with [his] first visit on August 17, 2015, a second one on September 11, 2015 and [his] last visit on October 19, 2015."  He additionally stated in the affidavit that he "was seen on October 19, 2015 by a Family Nurse Practitioner, Hillary Quilliams," and "[a]t no time on that date was [he] seen [or] personally examined by Dr. Sanabria."

The Lakeway records indicate that at the August 17, 2015 visit, Employee was seen by the nurse practitioner.  He reported experiencing back pain since August 12 after suffering an injury at work.  He acknowledged having sustained a prior injury to his low back that resulted in surgery, but he denied having experienced problems in his back since that time.  The nurse practitioner diagnosed Employee with a back sprain/strain, returned him to work with restrictions, and referred him for physical therapy.

The record of Employee's second visit to Lakeway on September 11, 2015 reflects he was seen by Dr. Sanabria, and it notes Employee was there in follow-up for low back pain after a recent work injury.  Employee reported that physical therapy was not helping.  An MRI was ordered, which was completed on October 8, 2015.  It revealed mild to moderate degenerative disc space narrowing and disc bulges at L1-2 and at each of the levels from L3-S1.  At Employee's last visit to Lakeway on October 19, 2015, he reported that his back still hurt and that he was still out of work.  The nurse practitioner released Employee to return to work without restrictions and placed him at maximum medical improvement.  The "Plan" in the October 19, 2015 report stated:

> Discussed [the] case with Dr. Sanabria.  Reviewed MRI results with patient.  In absence of any acute findings, there appears to be no work related injury contributing to lumbar spine symptoms.  Recommend patient follow up with PCP for further evaluation and management of degenerative changes in lumbar spine.

Employee requested Employer to provide additional treatment with another physician, but Employer declined to authorize additional medical care. Employee filed a petition for benefit determination requesting temporary disability and medical benefits, noting in the request that he had not been provided a panel of physicians.

The record on appeal includes medical records pre-dating Employee's August 12, 2015 injury, which reflect that Employee had sought treatment for lumbar spine complaints in March 2014 and had undergone a lumbar MRI at that time. A March 20, 2014 medical record from a pain management evaluation with Dr. James Fox reflects that Employee reported pain that had been ongoing for fourteen years and had caused a severe functional impairment. Dr. Fox noted that Employee was "somewhat of a poor historian and is largely illiterate." He noted Employee complained of pain in his right leg as a result of "being hit with a taser gun in the groin and on the leg last year when authorities searched his house." Employee indicated to Dr. Fox that he had previously been in pain management out-of-state, but had discontinued that treatment about a year earlier. Dr. Fox noted Employee's assessment in March 2014 to include chronic pain syndrome, lumbago, radiculopathy, post-laminectomy pain syndrome, muscle spasm, and pain disorder with psychological factors.

Following the expedited hearing, the trial court determined that the Dispute Certification Notice ("DCN") issued in the case sufficiently raised the panel issue for determination. Additionally, the trial court determined that, while Employee had not presented an expert medical opinion sufficient to establish that he would likely prevail at trial in proving his injury arose primarily out of and in the course and scope of his employment, he had presented enough evidence to establish he would likely prevail in showing he experienced back pain performing assigned work duties. Consistent with those findings, the trial court concluded that Employee "is entitled to select an authorized treating physician from a panel." Employer has appealed.

**Standard of Review**

The standard we apply in reviewing a trial court's decision is statutorily mandated and limited in scope. Specifically, "[t]here shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2015). The trial court's decision may be reversed or modified if the rights of a party "have been prejudiced because findings, inferences, conclusions, or decisions of a workers' compensation judge:

(A)   Violate constitutional or statutory provisions;
(B)   Exceed the statutory authority of the workers' compensation judge;
(C)   Do not comply with lawful procedure;
(D)   Are arbitrary, capricious, characterized by abuse of discretion, or clearly an unwarranted exercise of discretion; or

3

(E)   Are not supported by evidence that is both substantial and material in the light of the entire record."

Tenn. Code Ann. § 50-6-217(a)(3) (2015).

## Analysis

Employer raises three issues on appeal: (1) whether the issue of Employee's entitlement to a panel of physicians was properly before the trial court; (2) whether the trial court erred in ordering medical benefits after specifically finding Employee had not established he would likely prevail at trial in proving his injury arose primarily out of and in the course and scope of the employment; and (3) whether the trial court erred in ordering Employer to provide a panel of physicians when Employee already had a physician authorized by Employer who treated Employee and placed him at maximum medical improvement.

### *Whether the Trial Court Properly Considered the Panel Issue*

Employer contends that because none of the boxes on the DCN concerning a panel of physicians was marked to indicate a panel was at issue, it was error for the trial court to have considered whether a panel should be provided. Tennessee Code Annotated section 50-6-239(b)(1) (2015) provides that "only issues that have been certified by a workers' compensation mediator within a dispute certification notice may be presented to the workers' compensation judge for adjudication." There is no dispute that none of the boxes related to the provision of a panel of physicians was checked on the DCN.

Employer asserts the parties participated in a show cause hearing that resulted in the issuance of an order by the trial court directing that Employee "shall file a motion in consideration of Tennessee Code Annotated section 50-6-239(b)(2) (2015) requesting leave to amend the DCN to add the panel issue" if he intends to request a new panel during the expedited hearing. Employer asserts no such motion was filed and, therefore, it was error for the trial court to have considered the issue. The record on appeal does not include an order addressing a show cause hearing, nor does it include a motion to amend the DCN. In the expedited hearing, the trial court identified the documents that would be included in the technical record and asked the parties whether additional records needed to be included. Employer did not indicate the need to include additional documents in the record beyond those identified by the trial court.

We previously addressed this issue under a similar set of circumstances. In *Marzette v. Pat Salmon & Sons, Inc.*, No. 2014-08-0058, 2015 TN Wrk. Comp. App. Bd. LEXIS 29 (Tenn. Workers' Comp. App. Bd. Sept. 18, 2015), the trial court ordered the employer to provide a panel of physicians despite the fact that the DCN checklist did not identify physician panels as a disputed issue. The employer in that case argued that,

4

because "items in the checklist, specifically '[w]hether the panel of physicians provided by Employer was in compliance with the law,' and '[w]hether Employee is entitled to another panel of physicians in compliance with the law,' were not checked, the trial court was not authorized to consider the panel of physicians that Employer provided or to order that another panel be provided." *Id.* at *12. We held to the contrary, stating

> To determine what issues were certified by the mediator . . ., it is necessary to consider the document as a whole without reading the [checklist] on page two in a vacuum. Here, "Medical Benefits" is checked as one of the "Disputed Issues" on page one of the DCN. Moreover, in the [checklist] on page two, "[w]hether Employee is entitled to additional medical care as recommended by a physician" is also checked. . . . Our review of the DCN as a whole, when considered in the context of the entire record, convinces us that the provision of medical care for Employee's alleged [] injury was certified by the mediator . . . .

*Id.* at *11-12.

Similarly, in the present case, the trial court found that the DCN indicated medical benefits were in dispute, and more specifically, whether Employee was entitled to an examination by another physician. Indeed, Employee's request for an expedited hearing stated that the reason an evidentiary hearing was necessary was because "Employee is [in] need of a panel of physicians. He never was provided a panel." Furthermore, in Employee's affidavit filed in support of his request for an expedited hearing, he stated, "I desire to be provided with a panel of three doctors consistent with Tennessee Workers' Compensation laws so I can choose an appropriate physician to treat my back injury." The trial court found that the DCN "sufficiently raised the panel issue for its determination." In the expedited hearing, Employer confirmed that it was not taken by surprise when the issue of the panel was raised. Given these circumstances, we agree that the DCN, when read in its entirety in light of the record as a whole, indicated that the issue of whether Employee was entitled to a panel of physicians was properly before the trial court.

*Whether the Trial Court Erred in Ordering Benefits*

The second issue raised by Employer concerns whether any award of benefits was proper in light of the trial court's express finding that Employee "failed to establish he will likely prevail at a hearing on the merits that his injury arose primarily out of and in the course and scope of employment." As we have consistently held, an injured worker has the burden of proof on every essential element of his or her claim. Tenn. Code Ann. § 50-6-239(c)(6) (2015); *see also Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *5 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015). However, at an expedited hearing, an employee need not prove every element

of his or her claim by a preponderance of the evidence but must come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits consistent with Tennessee Code Annotated section 50-6-239(d)(1) (2015). *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). This lesser evidentiary standard "does not relieve an employee of the burden of producing evidence of an injury by accident that arose primarily out of and in the course and scope of employment at an expedited hearing, but allows some relief to be granted if that evidence does not rise to the level of a 'preponderance of the evidence.'" *Buchanan*, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6.

By the very nature of an interlocutory proceeding as contemplated in Tennessee Code Annotated section 50-6-239(d) (2015), a trial court is not called upon to determine whether an employee has proven compensability of his or her claim by a preponderance of the evidence prior to ordering the initiation of workers' compensation benefits. A trial court's observation that an employee has not yet come forward with sufficient evidence to meet the ultimate burden of proof does not end the inquiry at an expedited hearing. As noted above, the trial court must consider the evidence before it and decide whether the employee is *likely* to be able to satisfy that burden of proof at a compensation hearing. Here, Employer asserts that, because the trial court applied the appropriate "lesser evidentiary standard" and determined Employee "failed to establish he will likely prevail at a hearing on the merits [in proving] his injury arose primarily out of and in the course and scope of employment," it was error for the court to order that a panel of physicians be provided. We disagree.

In *McCord*, we were presented with a similar issue, although differing in the evidentiary standard applied by the trial court. The trial court in *McCord* concluded that the employee "carried her burden of establishing that she suffered an injury arising primarily out of and in the course and scope of her employment." *McCord*, 2015 TN Wrk. Comp. App. BD. Lexis 6, at *16. On appeal, we determined "there is no proof in the record that Employee's medical condition [was] causally-related to the alleged work accident," and that the trial court's finding of causation in the expedited hearing was premature. *Id.* at *17. Nevertheless, we determined that the record as a whole supported the trial court's determination that the employee was entitled to a panel of physicians.

In the instant case, the trial court stated that "because of the lack of medical expert opinion establishing the work-relatedness of [Employee's] injury . . ., the Court finds [Employee] failed to establish he will likely prevail at a hearing on the merits that his injury arose primarily out of and in the course and scope of employment." Nonetheless, even without medical proof of causation, the trial court specifically found the Employee "established that, at a hearing on the merits, he will likely prevail in showing he experienced back pain while lifting a beam overhead while performing duties assigned to him." While Employee had received some medical care for his injury, it is undisputed

6

that Employer never provided him with a panel of physicians as required by Tennessee Code Annotated section 50-6-204.[1] Thus, under the particular circumstances presented at this stage of the proceedings, and consistent with our holding in *McCord*, we find that the preponderance of the evidence supports the trial court's determination that Employee was entitled to a panel of physicians.

*Whether Employer's Recognition and Authorization of Dr. Sanabria as a Treating Physician Abrogated Employee's Entitlement to a Panel of Physicians*

Employer argues that because it recognized and authorized Dr. Sanabria as the treating physician for Employee's alleged work-related injury, it was error for the trial court to order it to provide a panel of physicians. We find no merit in this argument.

Employer asserts in its position statement that "[i]t is clear from the [Bureau of Workers' Compensation's rules and regulations] . . . that the [Bureau] intended for there to be more than one way for a physician to become the 'treating' physician." Citing the Bureau's Medical Cost Containment Program Rules as supporting its position, Employer argues that Rule 0800-02-17-.25(1)(c) (2014) evidences this intent.[2] One need look no further than the stated purpose of the Medical Cost Containment Program Rules to see the flaw in Employer's argument. The purpose of those rules, as stated in the rules themselves, was to establish and implement a medical fee schedule with a related set of procedures for review of bills, enforcement procedures, and appeal hearings.[3]

---

[1] Tennessee Code Annotated section 50-6-204(a)(1)(A) (2015) provides "[t]he employer or the employer's agent *shall* furnish, free of charge to the employee, such medical and surgical treatment, . . . made reasonably necessary by accident as defined in this chapter." (Emphasis added.)

[2] Tenn. Comp. R. & Regs. 0800-02-17-.25(1) provides that "[a] treating physician may include any of the following:

    (a) a physician chosen from the panel required by T.C.A. Section 50-6-204;
    (b) a physician referred to by the physician chosen from the panel required by T.C.A. Section 50-6-204;
    (c) a physician recognized and authorized by the employer to treat an injured employee for a work-related injury; or
    (d) a physician designated by the [Bureau] to treat an injured employee for a work-related injury."

[3] "Purpose. Pursuant to Tenn. Code Ann. § 50-6-204 (Repl. 2005), the following Medical Cost Containment Program Rules . . . are hereby adopted . . . to establish a comprehensive medical fee schedule and a related system which includes, but is not limited to, procedures for review of bills, enforcement procedures and appeal hearings, to implement a medical fee schedule. The Administrator promulgates these Rules to establish the maximum allowable fees for health care services falling within the purview of the Tennessee Workers' Compensation Act ("Act"). These Medical Cost Containment Program Rules must be used in conjunction with the Medical Fee Schedule Rules and the In-patient Hospital Fee Schedule Rules." Tenn. Comp. R. & Regs. 0800-02-17-.01(1) (2014).

Furthermore, Employer's argument fails to account for the manner in which a treating physician is identified in the Workers' Compensation Act. Tennessee Code Annotated section 50-6-102(14)(E) (2015) assigns a presumption of correctness to the causation opinion of "the treating physician, selected by the employee from the employer's designated panel of physicians pursuant to § 50-6-204(a)(3)." Additionally, Tennessee Code Annotated section 50-6-204(a)(3)(A)(i) (2015) provides:

> The injured employee shall accept the medical benefits afforded under this section; provided that in any case when the employee has suffered an injury and expressed a need for medical care, the employer shall designate a group of three (3) or more independent reputable physicians, . . . from which the injured employee shall select one (1) *to be the treating physician.*

(Emphasis added.) "When necessary, the treating physician selected in accordance with this subdivision (a)(3)(A) shall make referrals to a specialist physician . . . ." Tenn. Code. Ann. § 50-6-204(a)(3)(A)(ii) (2015).

The Workers' Compensation Act unquestionably links the identification of a treating physician with an employee's opportunity to select the physician from an appropriate panel. The Tennessee Supreme Court long ago addressed the issue, observing:

> [Tennessee Code Annotated section 50-6-204] authorizes the employer to choose a panel of three physicians, but the employee is given the privilege to make the final choice of the attending physician from the panel of three. . . . Referring the employee to a single physician does not comply with the statute; it is an usurpation of the privilege of the employee to choose the ultimate treating physician. An employer who would claim the benefits of the statute should, himself, be required to comply with it.

*Employers Ins. of Wausau v. Carter*, 522 S.W.2d 174, 176 (Tenn. 1975) (citation omitted). Here, the undisputed facts support the conclusion that Employer did not comply with its statutory obligation to provide a panel of physicians. Thus, Employer cannot now insist that the physician to whom it directed Employee became the "authorized treating physician" under the facts presented.

### Conclusion

For the foregoing reasons, we hold that the preponderance of the evidence supports the trial court's decision at this interlocutory stage of the case. Additionally, we hold that the trial court's decision does not violate any of the standards set forth in Tennessee Code Annotated section 50-6-217(a)(3). Accordingly, the trial court's order is affirmed and the case is remanded for any further proceedings that may be necessary.

8

**FILED**

**November 8, 2016**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 7:13 A.M.**



**TENNESSEE BUREAU OF WORKERS' COMPENSATION
WORKERS' COMPENSATION APPEALS BOARD**

| | | |
|---|---|---|
| Terry Lamm | ) | Docket No. 2015-01-0429 |
| | ) | |
| v. | ) | State File No. 64870-2015 |
| | ) | |
| E. Miller Construction, Inc., et al. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 8th day of November, 2016.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Joseph H. Crabtree, Jr. | | | | | X | josephcrabtree@bellsouth.net |
| Nicholas J. Peterson | | | | | X | Nicholas.peterson@petersonwhite.com |
| Thomas Wyatt, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Jeanette Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: Jeanette.Baird@tn.gov