

## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT CHATTANOOGA

| | |
|---|---|
| **GEORGE DAVID NUNLEY,** ) <br> **Employee,** ) <br> ) <br> **v.** ) <br> **SEQUATCHIE FARMERS** ) <br> **COOPERATIVE,** ) <br> ) <br> **Employer,** ) <br> **And** ) <br> **SENTRY INSURANCE CO.,** ) <br> **Carrier.** ) <br> ) | **Docket No.: 2016-01-0471** <br><br> **State File Number: 70707-2015** <br><br> **Judge Thomas Wyatt** |

## EXPEDITED HEARING ORDER DENYING MEDICAL BENEFITS (REVIEW OF THE FILE ONLY)

This matter came before the undersigned Workers' Compensation Judge upon a Request for Expedited Hearing filed by George David Nunley pursuant to Tennessee Code Annotated section 50-6-239 (2015). The sole issue raised by Mr. Nunley was whether he is entitled to receive a panel of physicians from which to select a surgeon when his authorized treating physician referred him to another physician in his practice group for additional surgery. On November 23, 2016, the Court conducted a Status Conference to assist it in considering the appropriateness of Mr. Nunley's request that it decide the Request for Expedited Hearing on review of the file only without an evidentiary hearing.[1] For the following reasons, the Court determines Mr. Nunley is not

---

[1] The Court conducted the Status Conference to determine the position of the employer, Sequatchie Farmers Cooperative, as to whether the Court should decide Mr. Nunley's Request for Expedited Hearing without an evidentiary hearing. Sequatchie agreed that a decision on a review of the file was appropriate. (T.R. 3.) During the Status Conference, the Court asked the parties if they objected to any of the evidence submitted with the Court Clerk for consideration on this issue. Neither party objected to the submitted evidence. After reviewing the submitted evidence and obtaining the parties' input as to the nature of the issue raised for decision, the Court determined it did not need additional evidence to decide the issue before it.

1

entitled to the requested relief.[2]

## History of Claim

Mr. Nunley is a thirty-nine-year-old resident of Dunlap, Sequatchie County, Tennessee, who injured his lumbar spine lifting tires in the course and scope of his employment by Sequatchie Farmers Cooperative. (T.R. 1 at 1.) Sequatchie and its carrier accepted the compensability of the claim and proffered Mr. Nunley a panel from which he selected neurosurgeon Dr. Timothy Strait as the authorized treating physician. (Ex. 1.) Mr. Nunley subsequently underwent two back surgeries under Dr. Strait's care. (Ex. 3 at 1-4.)

When Mr. Nunley continued with significant symptoms following the second surgery, Dr. Strait referred him to a physician within his practice group, Dr. Joseph Miller, for consideration of whether he needed to undergo spinal fusion surgery. (Ex. 3 at 8.) Dr. Strait stated in his medical notes that he referred Mr. Nunley to Dr. Miller because fusion surgery "is a procedure that [Dr. Miller] performs." *Id.* Dr. Strait noted that he would contact the insurance carrier to arrange for Mr. Nunley to see Dr. Miller. *Id.*

Ty Cobbs, adjuster for Sequatchie's carrier, stated by affidavit that he received a "direct referral from Dr. Strait to Dr. Miller." (Ex. 5 at 1.) Mr. Cobbs "accepted the referral and chose not to issue a new panel of physicians." *Id.* He scheduled Mr. Nunley to see Dr. Miller and Mr. Nunley attended the appointment. (Ex. 3 at 9-10.)

Dr. Miller recommended the fusion surgery, but Mr. Nunley requested a second opinion before definitively deciding whether to undergo the surgery. (Ex. 3 at 10.) Dr. Miller recommended Dr. Richard Pearce for the second opinion. *Id.* Sequatchie's carrier proffered a panel that included Dr. Pearce, and Mr. Nunley selected him for the second opinion.[3] (Ex. 4 at 2.)

Mr. Nunley subsequently decided he wanted Dr. Pearce to become his treating physician (Ex. 4 at 2) and filed a Petition for Benefit Determination seeking to accomplish the above goal. (T.R. 1.)[4] During the November 23 Status Conference, Mr. Nunley's attorney contended he believed the spirit of the law entitled his client to a panel

---

[2] A complete listing of the technical record and the exhibits admitted into evidence is attached as an appendix to this Order.

[3] The submitted evidence indicates Sequatchie's carrier sent information for Dr. Pearce to consider in deciding whether he will agree to provide a second opinion. (Ex. 5 at 2.) As of the latest information indicated in the submitted evidence, Dr. Pearce has not made a decision whether to provide the second opinion.

[4] It appears Mr. Nunley wants the Court to consider the panel Sequatchie's carrier gave him to select a physician to provide a second opinion as a panel for a physician to comply with Dr. Strait's referral to another surgeon.

from which to select the surgeon who would operate on him should he opt to undergo the recommended surgery.

Sequatchie's attorney countered that the referral statute in the Workers' Compensation Law does not entitle an employee to a panel when the authorized treating physician makes a referral to a specific physician. She asserted her clients followed the law in accepting the referral from Dr. Strait to Dr. Miller and, as such, Dr. Miller now properly fulfills the role of Mr. Nunley's authorized treating physician. Finally, Sequatchie argued that it followed the law in providing Mr. Nunley a panel from which to select a physician to give a second opinion on whether he should undergo the surgery recommended by Dr. Miller. Accordingly, it asserts Mr. Nunley's argument that Sequatchie intended to allow him to select a treating surgeon from the panel is without basis.

### Findings of Fact and Conclusions of Law

Here, the parties asked the Court to interpret the statutory scheme regarding the selection of treating physicians and second-opinion physicians in the context of recommendations for surgery. There is no fact in dispute.

The subject of referrals by authorized treating physicians is addressed in Tennessee Code Annotated section 50-6-204(3)(A)(ii) (2015), which provides that the employer, and not the employee, has the right to substitute a timely-submitted panel of physicians as an alternative to accepting the authorized treating physician's referral to a specific physician. A review of the Tennessee Workers' Compensation Law fails to reveal any statutory provision that provides the employee a corresponding right to require an employer to provide a panel when the employee does not want to see the referral physician specified by the authorized treating physician.

Mr. Nunley rests his argument for a panel here on the premise that it is unfair for the employer to escape a treating physician's direct referral by proffering a panel when the employee cannot likewise do so. In other words, what is good for the goose is good for the gander. Mr. Nunley's position, however, ignores the plain language of the Workers' Compensation Law.

Mr. Nunley's reliance on the Supreme Court's decision in *Employers Ins. of Wausau v. Carter,* 522 S.W.2d 174 (Tenn. 1975), is misplaced. The Supreme Court in *Carter* described an employer's provision of medical benefits without allowing an employee to select the treating physician from a panel as a "usurpation of the privilege of the employee to choose the ultimate treating physician," but it did so in the instance of the employer's failure to provide a panel at the outset of the employee's treatment. *Carter, supra,* at 176. For this reason, the *Carter* opinion is inapplicable here since Sequatchie and its carrier complied with its obligation to provide Mr. Nunley a panel

3

from which he selected Dr. Strait as his initial authorized treating physician.[5]

Mr. Nunley's argument that Sequatchie intended the panel from which he selected Dr. Pearce as a panel for selection of a referral surgeon is without merit. Dr. Miller's initial treatment note discussed the fact Mr. Nunley asked for a second opinion on the issue of whether he should undergo the fusion surgery recommended by Dr. Miller. The note itself indicates that Dr. Miller recommended Dr. Pearce, but only *for the second opinion,* and not to perform the surgery. Tennessee Code Annotated section 50-6-204(3)(C) (2015) provides that an employee may require the employer to pay for a second opinion on recommended surgery, but clearly states that an employee's utilization of the statutory procedure "shall not alter the previous selection of the treating physician or chiropractor."

There is no evidence in the file to indicate that Sequatchie proffered the panel from which Mr. Nunley selected Dr. Pearce for any reason other than to comply with its obligation to provide Mr. Nunley a second opinion on surgery under section 50-6-204(3)(C). As stated previously, Sequatchie was within its statutory right to accept Dr. Miller as referral physician without offering Mr. Nunley a panel and the record indicates no evidence indicating Sequatchie waived this right in proferring the panel from which Mr. Nunley selected Dr. Pearce. In view of the above-stated factors, the Court finds Mr. Nunley's selection of Dr. Pearce shall be for a second opinion on surgery only.

Lastly, Mr. Nunley argued that Dr. Strait's referral to Dr. Miller meant Dr. Strait would no longer treat him and, as such, Mr. Nunley contends Tennessee Code Annotated section 50-6-204(a)(3)(G) (2015) entitles him to a panel from which to select a new authorized treating physician. The Court holds this argument fails for two reasons. First, while Dr. Strait's referral note is silent on whether he will resume Mr. Nunley's treatment if and when Dr. Miller refers him back, it does not indicate Dr. Strait has declined to further treat Mr. Nunley.

Also, section 204(a)(3)(G) is inapplicable because it applies only where a provider included on the employer's initial panel "declines *to accept* the employee as a patient." (Emphasis added.) The plain language of this subparagraph indicates it applies to circumstances occurring before a physician begins treating an employee and not after a period of treatment has already occurred. Here, Dr. Stait accepted Mr. Nunley as his patient and, in fact, performed two surgeries before referring him to Dr. Miller for consideration of a surgical procedure that Dr. Stait did not perform. Accordingly, this provision offers Mr. Nunley no basis for obtaining the relief he requested.

---

[5] The Workers' Compensation Appeals Board has confirmed the viability of the above-referenced holding in *Carter* under the new law, but only in the context of holding an employer cannot dictate treatment by a single provider at the outset of the claim. *See Lamm v. E. Miller Construction, Inc.,* No. 2015-01-0429, 2016 TN Wrk. Comp. App. Bd. LEXIS 83, at *17-18 (Tenn. Workers' Comp. App. Bd. Nov. 8, 2016).

4

The statutory scheme employed here by the general assembly indicates that it did not intend section 204(a)(3)(G) to apply to a referral situation. Instead, Tennessee Code Annotated section 50-6-204(a)(3)(E) (2015) provides for a seamless continuity of treatment in the referral context by establishing the referral physician as the authorized treating physician until the referral physician refers the employee back to the initial authorized treating physician. Here, that has not happened.[6]

In view of the above, the Court finds Mr. Nunley will not likely prevail in establishing at trial his entitlement to the requested relief. Accordingly, the Court denies the relief he sought.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Nunley's request for a panel from which to select a referral physician is denied.

2. **This matter is set for a Status Hearing on February 3, 2017, at 10:00 a.m. Eastern Time.**

**ENTERED this the 6th day of December, 2016.**

_____
**Judge Thomas Wyatt**
**Court of Workers' Compensation Claims**

Status Hearing:

A Status Hearing has been set with **Judge Thomas Wyatt, Court of Workers' Compensation Claims. You must call toll-free at 855-747-1721 or 615-741-3061 to participate in the Status Hearing.**

**Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation.**

---

[6] Nothing in this order precludes Mr. Nunley from requesting a new panel of treating physicians should Dr. Strait decline to treat him if and when Dr. Miller refers him back to Dr. Strait.

5

<u>Right to Appeal</u>:

Tennessee Law allows any party who disagrees with this Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1.      Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2.      File the completed form with the Court Clerk within seven business days of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3.      Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4.      The appealing party is responsible for payment of a filing fee in the amount of $75.00. Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.

5.      The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6.      If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court

6

Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

## APPENDIX

Exhibits:

1. Agreement Between Employer/Employee Choice of Physician (C-42) for authorized treating physician;
2. Agreement Between Employer/Employee Choice of Physician (C-42) for second opinion;
3. Medical Records of Erlanger Health System-Neurosurgery Group/Drs. Timothy Strait and Joseph Miller;
4. Affidavit of George David Nunley; and
5. Affidavit of Ty Cobbs.

Technical record:[7]

1. Petition for Benefit Determination;
2. Dispute Certification Notice;
3. Employee's Brief Supporting Petition for Benefit Determination;
4. Request for Expedited Hearing;
5. Employer's Notice Regarding Motion for Expedited Hearing; and
6. Employer's Brief in Opposition to Motion for Expedited Hearing (without exhibits originally attached to the brief, which the Court made part of the record as evidentiary exhibits).

---

[7] The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 6th day of December, 2016.

| Name | Via Email | Service sent to: |
|---|---|---|
| Lew Belvin, Attorney | X | lew.belvin@mcmahonlawfirm.com |
| Lee Anne Murray, Attorney | X | leeamurray@feeneymurray.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims

8